UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-100-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| Vs. | ) ) | ORDER |
| **ERICK YAHIR RODRIGUEZ-SALOMON,** | ) ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion Pursuant to 18 U.S.C. 3582(c)(1)(A) and Amendments and Changes to § 922(g) Convictions." (Doc. No. 113).

Defendant was convicted in this Court of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841(b)(1)(A), 846. The Court sentenced Petitioner to 210 months' imprisonment. At sentencing, the Court applied a two-level enhancement under U.S.S.G. § 2D1.1 based on possession of a firearm. Defendant now claims in his pending motion that he is entitled to relief from his two-level gun enhancement under the Supreme Court's 2019 decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). For the following reasons, the Court disagrees.

A person who "knowingly violates" certain subsections of § 922, including § 922(g), "shall be" subject to penalties of up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). The text of § 922(g) in turn provides that it "shall be unlawful for any person ..., being an alien ... illegally or unlawfully in the United States," to "possess in or affecting commerce, any firearm or ammunition." The United States held in Rehaif that, in a prosecution under §§ 922(g) and

1

924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Rehaif simply does not apply to Defendant's case because Defendant was not convicted under §§ 922(g) and 924(a)(2). In any event, Rehaif does not apply retroactively on collateral review. In re Wright, No. 19-13994-A, 2019 WL 5800218, at *2 (11th Cir. Nov. 7, 2019). In sum, Defendant is not entitled to relief under Rehaif.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* "Motion Pursuant to 18 U.S.C. 3582(c)(1)(A) and Amendments and Changes to § 922(g) Convictions," (Doc. No. 113), is **DENIED.**

Signed: January 22, 2020

Max O. Cogburn Jr.
United States District Judge