UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-100-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| Vs. | ) ) | **ORDER** |
| **ERICK YAHIR RODRIGUEZ-SALOMON,** | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Docs. No. 185, 186). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny Defendant's motion.

**I.  Background**

A federal grand jury charged Defendant by indictment with methamphetamine trafficking conspiracy (Count One), a violation of 21 U.S.C. § 841(a)(1) and 846; possession of a firearm in furtherance of drug trafficking (Count Two), a violation of 18 U.S.C. § 924(c); possession of a firearm by a convicted felon (Count Three), in violation of 18 U.S.C. § 922(g)(1); possession of a firearm by an illegal alien (Count Four), in violation of 18 U.S.C. § 922(g)(5); and possession of a firearm by a prohibited person (Count Five), in violation of 18 U.S.C. § 922(g)(9). Defendant entered into a plea agreement with the United States and pleaded guilty to Count One. (Docs. No. 34, 35).

The probation office submitted a presentence report, assessing Defendant a criminal history category of III based on a total of four criminal history points related to prior convictions, and an

offense level of 33 for the methamphetamine trafficking conspiracy charged in Count One. (Doc. No. 63). Based on Defendant's criminal history category and offense level, the probation office found that the Sentencing Guidelines recommended a sentence between 168 and 210 months imprisonment. (Doc. No. 64). The Court sentenced Defendant to 210 months imprisonment, and the Government dismissed Counts Two through Five. (Doc. No. 74).

Defendant now asks the Court to reduce his sentence under Amendment 821 of the Sentencing Guidelines.

## II.     Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4)

2

the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

    For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a

defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.  Analysis

Here, the probation office did not assess Defendant any criminal history points for committing the instant offense while under a criminal justice sentence, rendering him ineligible for reduction under Part A of Amendment 821. And Defendant was assessed more than zero criminal history points, rendering him ineligible for reduction under Part B, Subpart 1, of Amendment 821. Thus, Defendant is not eligible for sentence reduction under Amendment 821 of the Sentencing Guidelines. The Court will therefore deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 185) is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr
United States District Judge